IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DALE MALLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-885-C |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff filed a claim against Jeffrey Taylor in the District Court of Logan County on August 1, 2008, alleging that Mr. Taylor negligently caused an automobile accident that injured the Plaintiff. (See Dkt. No. 1 Ex. 1.) On August 25, 2008, the United States filed a notice of removal to the Western District of Oklahoma, along with a certification that Jeffrey Taylor was acting within the scope of his employment at the time of the accident, thus substituting itself for Jeffrey Taylor as Defendant. (Dkt. No. 1; Dkt. No. 4.) The Defendant then filed a Motion to Dismiss under Federal Rule of Civil Procedure Rule 12(b)(1), arguing that the Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. (Dkt. No. 5.)

## BACKGROUND

The Plaintiff alleges that he was involved in an automobile accident on May 5, 2008. According to the Plaintiff, the accident occurred when a vehicle driven by Jeffrey Taylor drove left of center, striking the Plaintiff's vehicle. Mr. Taylor is a rural mail carrier

employed by the United States Postal Service ("USPS"), and at the time of the accident he was driving his personal vehicle and was in the course of delivering mail along his route.[1] As a result of the accident, the Plaintiff has suffered both property damage and personal injury.

The Plaintiff filed suit against Jeffrey Taylor in the District Court of Logan County on August 1, 2008. It appears that the Plaintiff then filed an administrative claim with the USPS on August 11, 2008.[2] On September 5, 2008, a letter was sent to the Plaintiff's counsel indicating that the USPS believed that the United States was an additional insured under the private insurance policy issued to Mr. Taylor by Oklahoma Farm Bureau Mutual Insurance Company ("OFB") and that the Plaintiff's initial recourse was therefore with that company. (See Dkt. No. 8, Ex. 1.) A subsequent letter was sent to the Plaintiff's counsel on September 9, 2008, indicating that the United States was seeking indemnification from OFB. (See Dkt. No. 8, Ex. 2.)

On August 25, 2008, the United States filed a notice of removal pursuant to 28 U.S.C. §§ 1441(b), 1442(a)(1), and 2679(d)(2), asserting that removal was appropriate because the Plaintiff was alleging a tort claim against a federal employee. The United States also filed

---

[1] This is the basis upon which the government certified that Mr. Taylor was within the scope of his employment at the time of the accident. The Plaintiff expressly accepts this assertion in his Objection to Motion to Dismiss and to Notice of Removal. (Dkt. No. 8 at 4.)

[2] While the Plaintiff does not discuss the details of this filing, the Defendant attaches a declaration from Kathleen Arndt, an employee of the USPS Law Department, asserting that a claim was filed on behalf of Michael Dale Mallet and Jewell Mallett arising from a May 8, 2008, automobile accident with Jeffrey Taylor in Guthrie, OK. (Dkt. No. 5, Ex. 1.)

a certification providing that, at the time of the accident, Jeffrey Taylor was acting within the scope of his employment. The United States was thereafter substituted as the Defendant pursuant to 28 U.S.C. § 2679(d)(2). The Defendant then filed a Motion to Dismiss, arguing that the Plaintiff failed to exhaust his administrative remedies. The Plaintiff filed a response to the Defendant's Motion to Dismiss, arguing that the initial letter sent by the USPS on September 5, 2008, constitutes a denial of his administrative claim. The Plaintiff argues he has therefore exhausted his administrative remedies and this case may proceed, at least against OFB.

**STANDARD OF REVIEW**

The proper standard for reviewing a Rule 12(b)(1) motion is set forth in Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

> [M]otions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

(Citations omitted.) In the present case, the Defendant argues that the Court lacks subject matter jurisdiction to hear this lawsuit because the Plaintiff failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a). Because this goes beyond

merely challenging the sufficiency of the complaint, the Court may consider affidavits and other documents to resolve the dispute without converting the claim into a Rule 56 motion for summary judgment. Id.

### DISCUSSION

*1. Removal*[3]

Through 28 U.S.C. §§ 2671 *et seq.*, Congress has rendered federal employees immune from tort claims arising out of incidents occurring within the scope of their employment. See Osborn v. Haley, 549 U.S. 225, ---, 127 S. Ct. 881, 887 (2007). 28 U.S.C. § 2679(d)(2) sets forth the procedure to be followed when such a tort claim is asserted in state court. It provides that, once the Attorney General certifies that the employee was acting within the scope of his employment at the time of the incident, the case "shall be" removed to the federal district court encompassing the location where the state action is pending. Id. The statute further specifies that this certification "shall conclusively establish scope of office or employment for purposes of removal." Id. When the case is removed to federal court, it is deemed to be an action brought against the United States, and the United States is substituted as the proper defendant. Id.

It seems quite clear to the Court that removal is appropriate in this case. The Supreme Court has stated that the language of § 2679(d)(2) clearly indicates that the Attorney

---

[3] While the Plaintiff does not articulate a clear argument against removal in his filings, his Objection to Motion to Dismiss and to Notice of Removal indicates he may have objections regarding the appropriateness of removal.

General's certification is conclusive for removal purposes. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 432 (1995). The United States certified that Mr. Taylor was acting within the scope of his employment at the time of the accident. In fact, the Plaintiff appears to agree, accepting this stipulation in his Objection to Motion to Dismiss and to Notice of Removal. Therefore, the case is governed by the Federal Tort Claims Act and is properly removed to federal court. See 28 U.S.C. § 2679(d)(2).

*2. Defendant's Motion to Dismiss*

The Defendant argues that this case should be dismissed because the Plaintiff failed to exhaust his administrative remedies. 28 U.S.C. § 2675(a) provides: "An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." The Plaintiff argues that the September 5, 2008, letter sent by Kathleen Arndt from the USPS Law Department constitutes a final denial of his administrative claim and that his suit may therefore proceed in federal court.

The requirement of exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Federal Tort Claims Act and may not be waived. Nero v. Cherokee Nation of Okla., 892 F.2d 1457, 1463 (10th Cir. 1989). Under 28 U.S.C. § 2675(a), a plaintiff must receive a final denial from the proper agency before bringing a

claim for money damages.[4] If the administrative claim is not decided within six months, then the claim may be deemed finally denied and the plaintiff may bring suit. Id.

The issue here is what constitutes a final denial by an administrative agency. In Miller v. United States, 741 F.2d 148 (7th Cir. 1984), the Seventh Circuit addressed this issue in a similar context. There, an employee with the USPS was involved in an accident with the plaintiff while in the course of his duties. Id. at 149. The plaintiff filed an administrative claim with the USPS, and shortly thereafter received a letter indicating that the USPS believed that a private insurance company covered the liability of the United States for the accident. Id. The court decided that the letter on its face never rejected the claim, but rather just recommended that the plaintiff pursue her claim with the employee's private insurance company. Id. at 150. The court also noted that the letter failed to state that the plaintiff, if dissatisfied with the agency action, could file a claim in federal court, which was required by the USPS procedure for denying administrative claims as set forth in 39 C.F.R. § 912.9(a). Id. Further indicating that the letter did not appear to have been sent by certified or registered mail as required by 28 U.S.C. § 2401, the court determined that the letter did not constitute a final denial by the agency. Id.

---

[4] The Supreme Court held in McNeil v. United States, 508 U.S. 106 (1993), that a plaintiff does not satisfy the § 2675(a) requirement of exhausting administrative remedies by filing an administrative claim after filing a federal suit, even though the claim is promptly denied before substantial progress has been made in the federal case. The Tenth Circuit, in interpreting McNeil, later stated: "We agree with the *Sparrow* court's conclusion that, as a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999) (quoting Sparrow v. USPS, 825 F.Supp. 252, 255 (E.D. Cal. 1993). The pending Motion to Dismiss could likely be resolved in favor of the Defendant on this basis alone.

Similarly, the Court here finds that the Plaintiff has not yet obtained a final denial of his administrative claim. While the September 5, 2008, letter by Kathleen Arndt was sent by certified mail, it does not deny the claim on its face. (See Dkt. No. 8, Ex. 1.) It merely provides:

> It is our position that the United States is an additional insured under the terms of the policy covering the postal driver's vehicle at the time of the alleged subject incident. Hence your initial recourse is with Oklahoma Farm Bureau Mutual Insurance Company, not the United States. Therefore, we are referring this matter to Oklahoma Farm Bureau Mutual Insurance Company.

(Id.). The letter also fails to comply with the federal regulations concerning a final denial of an administrative claim under the Federal Tort Claims Act. "The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification." 28 C.F.R. § 14.9(a). The September 5, 2008 letter does not contain such a statement. The September 9, 2008, letter sent by the USPS further supports the Court's conclusion. There, Ms. Arndt states that the United States is seeking indemnification from OFB. (Dkt. No. 8, Ex. 2.) The claim has therefore not been denied, but rather is still progressing through the proper agency channels.

While the Plaintiff asserts that his claims should be allowed to proceed, at least against OFB, the Court must disagree. The remedy against the United States under the Federal Tort Claims Act "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to

the claim." 28 U.S.C. § 2679(b)(1). Until the Plaintiff has received a denial of his administrative claim or six months have passed without any resolution of the claim, the Court is without jurisdiction to hear his lawsuit. His claim is still pending with the appropriate administrative agency, and he may still receive from that body the relief that he is requesting from this Court.

Accordingly, the Defendant's Motion to Dismiss (Dkt. No. 5) is GRANTED. The Plaintiff's claims against the Defendant are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 24th day of September, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge